# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA L. WHITAKER, | 1:09cv0975 DLB |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## BACKGROUND

Plaintiff Teresa L. Whitaker ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.

## FACTS AND PRIOR PROCEEDINGS[1]

Plaintiff filed her applications in January 2006, alleging disability since February 9, 2004, due to severe depression, anxiety attacks and being suicidal. AR 73-75, 90-97, 611-614. After

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

her applications were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 26, 42-46, 49, 609, 610. ALJ Patricia Flierl held a hearing on March 5, 2008, and denied benefits on March 20, 2008. AR 13-25, 615-657. The Appeals Council denied review on April 10, 2009. AR 5-7.

Hearing Testimony

ALJ Flierl held a hearing on March 5, 2008, in Fresno, California. Plaintiff appeared with her attorney, Melissa Proudian. Vocational expert ("VE") Jose Chaparro and witness Tracy Harrison also appeared and testified. AR 615.

Plaintiff testified that she was 44 years old at the time of the hearing. She is not married and has two sons, ages 8 and 12. Plaintiff lives with her mother and nephew, though her sons do not live with her. AR 619-620. Plaintiff has a driver's license and drives about three times per week. AR 620. She graduated high school and took college-credit classes for three months. AR 621.

Plaintiff last worked two years ago at McDonald's. She has also worked at Wal-Mart, a gas station/convenience store, a uniform store, Taco Bell and K-Mart. AR 622-627. Plaintiff testified that she could not work because of back pain caused by standing and problems with her hands. AR 628.

Plaintiff also explained that she has severe depression and has attempted suicide three times in two years. AR 629. She last attempted suicide in 2004 when she took sleeping pills and was hospitalized at Community Behavioral Center for 10 or 11 days. AR 629. Plaintiff estimated that she is severely depressed for four days out of the week. During these times, she always wants to cry and locks herself in her room and tries to sleep all day. Although she gets dressed on these days, she only gets up to go to the restroom. AR 630. It is sometimes a "little bit difficult" for her to concentrate, though she could watch an entire movie when she was not feeling depressed. AR 633. She thought she could concentrate for about 30 minutes during the days when she is depressed. Plaintiff has suicidal thoughts about once a month, but is able to stop herself. Plaintiff continues to receive treatment from a physician at Fresno County Mental Health about once a month, mainly for medication refills. AR 634. She also sees a counselor

1   once every two to three weeks and believes that this helped her.  Plaintiff was currently taking
2   Zoloft, Seroquel and Visceral.  AR 635.  She did not have any side effects and thought that he
3   medication helped her "some."  She doesn't take her medication once or twice a week because
4   her brain tells her it doesn't work.  AR 636.

5        When she is not depressed, Plaintiff estimated that she spends about 5 or 6 hours a day
6   watching television with her mother.  AR 642.  She sometimes helps out with cooking and goes
7   to the grocery store about three times a week.  AR 643.

8        Plaintiff further explained that she has constant back pain and takes Tylenol or
9   prescription strength naproxen.  She underwent physical therapy last year but does not have a
10  treating doctor because she cannot afford it.  AR 639.  She thought she could sit for about 30
11  minutes before getting a shooting pain in her back, and thought she could stand for about 20
12  minutes before needing to sit down.  AR 640-641.  She estimated that she could walk a little over
13  a block and lift about five pounds.  AR 641.  Plaintiff also testified that she has trouble using her
14  hands and thought that she could use them on a repetitive basis for about five or ten minutes.  AR
15  641-642.

16       Plaintiff's sister, Tracy Harrison, testified that Plaintiff suffered from extreme depression
17  and once tried to commit suicide by walking into oncoming traffic.  She estimated that Plaintiff
18  is depressed 50 percent of the time.  AR 648.

19       For the first hypothetical, the ALJ asked the VE to assume a person of Plaintiff's age,
20  education and experience, who was limited to light, unskilled work and who needed to avoid
21  dust, fumes and chemical odors.  The VE testified that this person could perform Plaintiff's past
22  work in fast food and as a cashier.  AR 652.  This person could also perform the positions of
23  airline security representative, office helper and sales attendant.  AR 653.  If the fast food job
24  involved cleaning, this person could not perform the position.  AR 655.

25       For the second hypothetical, the ALJ asked the VE to assume that this person could
26  perform light, unskilled work, with a limitation to frequent pushing, pulling, reaching, handling,
27  fingering and feeling with the upper extremities and hands.  This person also had to avoid
28  pulmonary irritants.  The VE testified that this person could perform Plaintiff's past work as a

cashier, and could also perform the positions of airline security representative, office helper and sales attendant. AR 653.

For the third hypothetical, the ALJ asked the VE to assume the same person as in the second hypothetical, but with the added limitation that this person could not complete a normal workday without psychological interruptions. The VE testified that this person could not perform any work. AR 654.

Medical Record[2]

On March 11, 2006, Plaintiff saw Ekram Michiel, M.D., for a consultive psychiatric examination. Plaintiff complained of depression, anxiety attacks and panic attacks. On mental status examination, Plaintiff was oriented to person, place and date. She recalled two out of three objects in five minutes, could perform simple math and knew the names of recent presidents. Plaintiff's mood was "depressed and anxious" and her affect was relaxed, broad and appropriate to the context of the interview. Her thought process was goal-oriented. AR 259-261.

Based on his evaluation and observations during the examination, Dr. Michiel believed that Plaintiff could "maintain attention and concentration and carry out one or two step simple job instructions." Plaintiff could not "carry out an extensive variety of technical and/or complex instructions." She could relate and interact with co-workers, supervisors and the general public. AR 262.

ALJ's Findings

The ALJ determined that Plaintiff had the severe impairments of major depressive disorder in partial remission, anxiety disorder, back pain of undetermined etiology and questionable carpal tunnel syndrome. AR 18. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, though she needed to avoid exposure to concentrated pulmonary irritants. The ALJ further found that Plaintiff had the mental capacity to carry out unskilled work. AR 20. Based on the testimony of the VE, the ALJ found that Plaintiff could perform her past relevant work. In the alternative, the

---

[2] Plaintiff's sole argument is a legal argument related to the opinion of consultive psychiatrist E. Michiel, M.D. Accordingly, only pertinent portions of the record will be summarized.

ALJ found that Plaintiff could perform the positions of airline security representative, office helper and sales attendant. AR 23.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. 405 (g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. E.g., Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See Sanchez v. Sec'y of Health and Human Serv., 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

1    In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f). Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of her disability; (2) has an impairment or a combination of impairments that is considered "severe" (major depressive disorder in partial remission, anxiety disorder, back pain of undetermined etiology and questionable carpal tunnel syndrome) based on the requirements in the Regulations (20 CFR §§ 416.920(b)); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, Regulations No. 4; (4) could perform her past relevant work; or alternatively, (5) retains the RFC to perform a significant number of jobs. AR 18-23.

Here, Plaintiff argues that the ALJ misinterpreted and/or ignored portions of Dr. Michiel's findings.

## DISCUSSION

Plaintiff's argument is based on her belief that the ALJ incorrectly summarized Dr. Michiel's opinion, which in turn led to an RFC that allowed for greater abilities. Plaintiff's contention is premised on what she sees as a distinction between an ability to "carry out one or two step simple job *instructions*" and an ability to perform "one and two-step simple *tasks*." Opening Brief, at 6 (emphasis added). Plaintiff contends that Dr. Michiel's opinion only allowed for the former, while the ALJ "expands" the opinion into "something greater" by describing the limitation as the latter. Opening Brief, at 6. According to Plaintiff, then, the ability to perform simple instructions prohibits a finding that Plaintiff can perform the positions identified by the VE at step five because they require reasoning level two or three.

In supporting her argument, Plaintiff attempts to draw distinctions between cases that have found that a limitation to simple *instructions* does not allow for jobs requiring reasoning level 1 with cases that find that a limitation to simple *tasks* permits such positions. As discussed below, however, the cases are not distinguishable on the basis on the instruction/task distinction, but rather on whether or not the ALJ employed the assistance of a VE. For accuracy reasons, the

1  Court will refer to either instruction or task as they are referred to in the case at hand, rather than
2  as an acknowledgment that a difference exists between the terms.
3     Plaintiff first cites *Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997), in support of her
4  perceived instruction/task distinction.  This case, however, found error based on the ALJ's failure
5  to use a VE in determining that the claimant's borderline intellectual functioning did not
6  significantly affect the range of sedentary work available.  The court rejected the Commissioner's
7  argument that a VE was not necessary because the claimant could follow simple directions,
8  despite the mental impairment, and could therefore perform the full range of sedentary work.
9  The court explained that the world of unskilled sedentary work includes work at all reasoning
10 levels.  While jobs at reasoning level one would be available because the positions only require
11 the ability to follow simple instructions, jobs with reasoning levels two and three require higher
12 mental abilities.  *Lucy*, 113 at 908-909.
13     *Lucy* offered no discussion as to whether a limitation to simple *instructions* suggests a
14 greater limitation than a limitation to simple *tasks*.  Instead, *Lucy* focused on the importance of a
15 VE when mental impairments are involved.  While the court noted that reasoning levels 2 and 3
16 required more than performance of simple instructions, the issue was not posed to a VE.
17 Similarly, in *Flagg v. Barnhart*, also cited by Plaintiff, the court found that the ALJ failed to
18 include a limitation to simple instructions.  Although the court notes that a limitation to simple
19 instructions would preclude work at reasoning levels 2 and 3, the limitation was not presented to
20 the VE because it was not included in the accepted hypothetical.  *Flagg v. Barnhart*, 2004 WL
21 2677208, *5 (D. Me. 2004).  The court further noted that the error could not be harmless because
22 there was no explanation for the discrepancy.
23     Rather than supporting Plaintiff's contention that reasoning level 2 and 3 positions are
24 never available to a claimant with a limitation to simple instructions, these cases stress the
25 importance of employing a VE in cases such as this.  In other words, it was precisely because, on
26 the surface, a limitation to simple instructions seems to prevent positions with reasoning levels 2
27 or 3, that the expertise of a VE was necessary.
28

1          Indeed, Plaintiff's citation to *Meissl v. Barnhart*, 403 F.Supp.2d 981 (C.D.Cal.2005),
2    supports this finding and is precisely on point.  There, the claimant argued that her limitation to
3    simple, repetitive tasks was inconsistent with her ability to perform the positions identified by the
4    VE that required reasoning levels two or three.  The court thoroughly explained the DOT's
5    classification of reasoning levels using a six point scale.  "A level two reasoning indicates that
6    the job requires the person to be able to '[a]pply commonsense understanding to carry out
7    detailed but uninvolved written or oral instructions,' and '[d]eal with problems involving a few
8    concrete variables in or from standardized situations."  *Meissl*, 403 F.3d at 982.  The claimant
9    focused on the use of the word "detailed" and sought to equate the DOT's use of "detailed" with
10   the Social Security's use of "detailed instructions."  The court found that "such a neat, one-to-
11   one parallel" did not exist.  *Meissl*, at 983-984.  For example, the DOT uses a "graduated,
12   measured and finely tuned scale," while Social Security separates a claimant's ability to
13   understand and remember into just two categories: "short and simple instructions" and "detailed"
14   or "complex."  *Meissl*, at 984.    The claimant's position also ignored the qualifier the DOT
15   places on the term "detailed" as also being "uninvolved."  *Id.*  "While reasoning level two notes
16   the worker must be able to follow 'detailed' instructions, it also . . . downplayed the rigorousness
17   of those instructions by labeling them as being 'uninvolved.'"  A reasoning level of two, then,
18   does not conflict with a limitation to simple, repetitive tasks.  *Id.* at 984-985.

19          Plaintiff attempts to distinguish *Meissl* by contending he has a limitation to "simple one
20   and two step instructions," though in *Meissl*, there was no evidence from a medical source that
21   "attempted to quantify the ALJ's use of the term 'simple' as applied to instructions."  Opening
22   Brief, n. 2.  The crux of Plaintiff's argument is not entirely clear, though it appears he is again
23   attempting to distinguish between task and instruction.  As explained above, that distinction is
24   without merit.

25          As Defendant points out, this Court has specifically rejected Plaintiff's argument and
26   adopted the reasoning in *Meissl*.  See *Moua v. Astrue,* 2009 WL 997104 (E.D. Cal. 2009); *Angulo
27   v. Astrue*, 2009 WL 817506 (E.D. Cal. 2009); *Isaac v. Astrue*, 2008 WL 2875879 (E.D. Cal.
28   2008).  The Court sees no reason to depart from the continued acceptance of *Meissl*.

Plaintiff's tenuous argument that a distinction exists between tasks and instructions is not supported by case law. Accordingly, the ALJ properly relied on the testimony of the VE in finding that Plaintiff could perform the identified positions. The ALJ may take administrative notice of any reliable job information, including information provided by a VE. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.1995). As the Ninth Circuit recently held, "A VE's recognized expertise provides the necessary foundation for his or her testimony [and] no additional foundation is required." *Bayliss*, 427 F.2d at 1218.

The ALJ's decision is free of legal error and is supported by substantial evidence.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security and against Plaintiff, Teresa L. Whitaker.


IT IS SO ORDERED.

Dated:   **April 9, 2010**              /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE